IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BREON LAWRENCE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 19-cv-1242 |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| Respondents. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                     July 2, 2019

Presently before the Court is a counseled Motion to Amend the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 on behalf of Breon Lawrence ("Petitioner"), an individual currently incarcerated at the State Correctional Institute at Green in Waynesburg, Pennsylvania. For the following reasons, the Motion to Amend the Habeas Petition is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2015, following a jury trial, Petitioner was found guilty of first-degree murder, and related offenses, for the April 11, 2014 killing of Jahkil Swain. *Commonwealth v. Lawrence*, No. 1347 EDA 2018, 2019 WL 75824, at *1 (Pa. Super. Ct. Jan. 2019). On September 11, 2015, Petitioner was sentenced to life imprisonment without the possibility of parole. (*Id.*). Petitioner filed a counseled notice of a direct appeal with the Pennsylvania Superior Court on October 8, 2015. (Crim. Docket at 14). The Pennsylvania Superior Court affirmed Petitioner's sentence on June 24, 2016. *Commonwealth v. Lawrence*, 3051 EDA 2015, 2016 WL 4719983, at *2-3 (Pa. Super. Ct. June 24, 2016).

On April 26, 2017, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et seq*. ("PCRA"). (Crim. Docket at 16; PCRA Pet.). PCRA counsel was appointed, and filed an amended PCRA petition. (Crim. Docket at 16). On April 17, 2018, the PCRA Court denied Petitioner's PCRA petition for relief. (Crim. Docket at 18). Petitioner filed a *pro se* Notice of Appeal on April 30, 2018, and subsequently filed a counseled brief with the Pennsylvania Superior Court on October 19, 2018. (Crim. Docket at 19-20). The Superior Court affirmed the PCRA Court's decision on January 2, 2019. *Lawrence*, 2019 WL 75824.

On March 19, 2019,[1] Petitioner filed a *pro se* petition for writ of habeas corpus, raising two ineffective assistance of counsel claims: (1) "counsel was ineffective for failing to object to the Commonwealth's eliciting his religion from witness Dondre Ellis," and (2) "counsel was ineffective for failing to request a charge to the jury on voluntary manslaughter." (Hab. Pet., ECF No. 1 at 7). Counsel for Petitioner entered his appearance on May 16, 2019, and filed the present motion to amend the petition for writ of habeas corpus on June 14, 2019. (Entry of Appearance, ECF No. 7; Am. Hab. Pet., ECF No. 9). On June 24, 2019, the Commonwealth filed its Response. (Resp. Mot. Am., ECF No. 10).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[1] Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which the *pro se* petition is deemed filed when it is given to prison officials for mailing. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 714 A.2d 1287 (Pa. Super. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001). In this case, Petitioner certified that he gave his habeas petition to prison officials on March 19, 2019, and it will be deemed filed on that date. (Hab. Pet., ECF No. 1 at 18).

custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Section 2242 provides that habeas petitions "may be amended. . .as provided in the rules of procedure applicable to civil actions." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing 28 U.S.C. § 2242). Federal Rule of Civil Procedure 15 governs and is "made applicable to habeas proceedings by § 2242, Federal Rules of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11." *Id.* at 655. Amendments to add untimely claims are permitted when the new claims relate back to timely filed claims. *Id.* at 657, 664; *see, e.g., Armstrong v. United States*, 2018 WL 1641234, at *3 (M.D. Pa. Apr. 2, 2018) (allowing newly raised claims in an untimely filed amended habeas petition to proceed because they related back to timely filed claims in original habeas petition). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(a)).

3

## III. DISCUSSION

In Petitioner's timely filed *pro se* Petition for Writ of Habeas Corpus, he asserts two claims of ineffective assistance of counsel. (Hab. Pet., ECF No. 1, at ¶ 12). In his instant counseled Motion to Amend the Habeas Petition, he seeks to assert two new claims contending he was deprived of a fair trial in violation of his due process rights. (Am. Hab. Pet., ECF No. 9, at 3-4, 6).

I will first discuss the timeliness of these newly raised due process claims. I conclude that Petitioner's due process claims are untimely. I will next discuss whether Petitioner's due process claims relate back to his timely filed ineffective assistance of counsel claims. I conclude that, because they arise out of the same core facts, Petitioner's due process claims relate back to the timely filed claims. Accordingly, because Petitioner's due process claims relate back to the timely filed claims, the motion to amend is granted.

### A. Petitioner's Due Process Claims are Untimely

On June 14, 2019, Petitioner's counsel filed the instant Motion to Amend the Petition for Writ of Habeas Corpus asserting two new claims:

> Ground One: Mr. Lawrence was denied a fair trial as guaranteed him under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, when his attorney failed to object when the prosecutor, at trial, asked a close friend of Mr. Lawrence if he was "Muslim," and trial counsel inexplicably failed to object and move for a mistrial.

> Ground Two: Mr. Lawrence was denied a fair trial as guaranteed him under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, when his attorney failed to request a voluntary manslaughter charge where the shooting was the immediate result of and was in fact during a heated argument.

(Am. Hab. Pet., ECF No. 9 at 3-4, 6). These claims are barred by the statute of limitations.

The AEDPA's one-year statute of limitations period "must be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 122 (citing 28 U.S.C. § 2244(d)(1)). The applicable starting point for the AEDPA statute of limitations in this case is "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on September 11, 2015. (Hab. Pet., ECF No. 1, at ¶ 2(b); Crim. Docket at 13). The Pennsylvania Superior Court affirmed his judgment of sentence on June 24, 2016. (Crim. Docket at 15). Pursuant to the Pennsylvania Rules of Appellate Procedure, Petitioner had thirty days to file a notice of appeal with the Pennsylvania Supreme Court. Pa.R.A.P., Rule 903(a). He did not do so. Accordingly, his judgment of sentence became final on July 24, 2016. Petitioner had one year from that date, or until July 24, 2017, to timely file a habeas petition asserting these claims. *See* 28 U.S.C. § 2244(d)(1). Petitioner did not file the instant motion to amend the petition asserting the newly raised due process claims until June 14, 2019. (Am. Hab. Pet., ECF No. 9). Absent statutory or equitable tolling, his due process claims are untimely.

The AEDPA statutory tolling exception states that "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Petitioner is entitled to some statutory tolling, but his due process claims are still untimely. He filed his first PCRA Petition on April 26, 2017, after 276 days had elapsed on the AEDPA statute of limitations. (Crim. Docket at 16). The AEDPA statute of limitations

5

remained tolled until February 1, 2019, thirty days after the Superior Court affirmed the denial of Petitioner's PCRA petition. (Crim. Docket at 20); *see* Pa.R.A.P., Rule 903(a). When the statute of limitations began to run again, Petitioner had eighty-nine days remaining, or until May 1, 2019, to timely file the due process claims.[2] Petitioner did not file the instant motion to amend the petition until June 14, 2019, forty-four days after the statute of limitations expired. (Am. Hab. Pet., ECF No. 9). Thus, his newly asserted due process claims are time barred unless Petitioner is subject to equitable tolling.

A litigant invoking the doctrine of equitable tolling bears the burden of establishing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling should be used sparingly, "'only when the principle of equity would make the rigid application of a limitation period unfair.'" *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quoting *Fahy v. Horn*, 249 F.3d 239, 244 (3d Cir. 2001)).

Petitioner has not alleged that he was entitled to equitable tolling. Further, he has provided no evidence that he pursued his rights diligently, nor has he provided an explanation for the delay in filing his instant motion to amend his habeas petition. Accordingly, he is not entitled to equitable tolling. *See, e.g.*, *Clay v. Sauers*, 2013 WL 4463563, at *3-4 (E.D. Pa. Aug. 21, 2013) (finding petitioner not entitled to equitable tolling, even though petitioner did not allege equitable tolling, because petitioner made no showing of diligence, extraordinary circumstances, or a plausible explanation for the delay).

---

[2] Petitioner timely filed his *pro se* habeas petition on March 19, 2019. (Hab. Pet., ECF No. 1). However, filing a habeas petition does not operate as an open-ended placeholder for later-asserted claims. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Thus, the statute of limitations continued to run after Petitioner filed his habeas petition, leaving forty-three days, or until May 1, 2019, for Petitioner to file amendments or timely raise new claims.

### B. Petitioner's Time-Barred Claims Relate Back to his Timely Filed Claims

As discussed above, a time-barred claim may be reviewed if it arose out of the same "conduct, transaction, or occurrence set out. . .in the original pleading," *i.e.*, if the claim relates back to a timely filed claim. *See* Fed. R. Civ. P. 15(c)(1)(B). In the context of a habeas petition, the Supreme Court stated that "[s]o long as the original amended petitions state claims that are tied to a common core of operative fact, relation back will be in order." *Mayle,* 545 U.S. at 644; *Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009).

Here, Petitioner's two due process claims relate back to the two ineffective assistance of counsel claims raised in Petitioner's timely filed petition because the claims "are tied to a common core of operative fact." *Mayle*, 545 U.S. at 664; *Hodge*, 554 F.3d at 378. Both types of claims stem from facts pertaining to counsel's inactions at trial, and the facts do not differ in "time or type from those the original pleadings set forth." *Mayle*, 545 U.S. at 650; *Hodge*, 554 F.3d at 378; (Am. Pet. 3-4, 6, ECF No. 9; Hab. Pet. 4, ECF No. 1). Petitioner claims that his due process rights were violated and that his counsel was ineffective based on counsel's failure to object to the prosecutor's question about the witness's religion, and failure to raise a voluntary manslaughter charge. (Am. Pet. 3-4, 6, ECF No. 9; Hab. Pet. 4, ECF No. 1). Because all four of Petitioner's clams are tied to a common core of operative fact, Petitioner's due process claims relate back to Petitioner's original, timely filed habeas petition. *Blakely v. Wenerowicz*, 2016 WL 4650593, at *4-5 (M.D. Pa. June 20, 2016) (citing *Mayle*, 545 U.S. at 664 n.7; *Hodge*, 554 F.3d at 378) (holding Petitioner's due process claim relates back to the ineffective assistance of counsel claim in his timely filed petition because both types of claims were based on a "common core of operative fact").

## IV. CONCLUSION

Although Petitioner's due process claims are untimely, they relate back to the timely filed claims in Petitioner's *pro se* petition. Therefore, Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus is granted. An appropriate order follows.[3]

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[3] We note, however, that Petitioner's newly-raised due process claims may not have been properly presented and exhausted in the Pennsylvania Courts. The possible procedural default has not been addressed by either party. Accordingly, in the Order filed concurrently with this Memorandum, the parties are instructed to submit briefing addressing this issue.