IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BREON LAWRENCE,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 19-cv-1242 |
| | : | |
| **JOHN E. WETZEL, et al.,** | : | |
| Respondents. | : | |

# O R D E R

AND NOW, this  2nd  day of July, 2019, upon consideration of the counseled Motion to Amend the Petition for a Writ of Habeas Corpus, (ECF No. 9), and the Commonwealth's Response, (ECF No. 10), IT IS HEREBY ORDERED as follows:

1. Petitioner's Motion to Amend the Petition (ECF No. 9), is GRANTED;

2. Within twenty-one (21) days of the date of this Order, Petitioner, through counsel, shall file a Brief/Memorandum of Law in Support of the Petition;[1]

---

[1] In Petitioner's Counseled Motion to Amend, he raises two new claims of Due Process violations in addition to his claims of ineffectiveness of trial counsel. (Mot. Amend, ECF No. 9, at 3-4, 6; *see also* Hab. Pet., ECF No. 1, at ¶ 12). Upon the Court's view, Petitioner's newly-raised Due Process claims may not have been properly presented and exhausted in the Pennsylvania state courts. *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999). Accordingly, Petitioner's Counseled Brief/Memorandum of Law shall substantively address *all* issues presented in the Petition, as amended. The Counseled Brief/Memorandum shall address the merits of the ineffectiveness claims, and the merits of the newly-added Due Process claims. Petitioner's counsel is further instructed to address whether Petitioner's Due Process claims were properly exhausted in state court. *See Boyd v. Waymart*, 579 F.3d 330, 367 (3d Cir. 2009) ("The habeas petition carries the burden of providing exhaustion of all available state remedies.") (internal quotations and citation omitted).

3. Within twenty-one (21) days of the filing of Petitioner's Counseled Brief/Memorandum of Law, the Commonwealth shall file its Supplemental Response, addressing the issues raised therein;[2]

4. Petitioner thereafter shall have fourteen (14) days to file a Reply, through counsel, should he so choose.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] In its Response to Petitioner's Counseled Motion to Amend, the Commonwealth argued "Petitioner's amended habeas petition merely reiterates the arguments made in his previously filed pro se habeas petition." (Resp., ECF No. 10, at 1). I disagree, as the Motion to Amend raised two new Due Process claims in addition to his ineffective assistance of counsel claims raised in his *pro se* Petition. (*Compare* Mot. Amend, ECF No. 9, at 3-4, 6, *with* Hab. Pet., ECF No. 1, at ¶ 12). Accordingly, in its Supplemental Response to be filed within twenty-one days of Petitioner's Counseled Brief/Memorandum of Law, the Commonwealth shall substantively address *all* issues raised in the Petition, as amended. The Commonwealth shall specifically address the merits of the ineffectiveness claims and the merits of the newly-added Due Process claims. The Commonwealth shall also specifically address whether Petitioner's newly-raised Due Process claims were properly presented and exhausted in the Pennsylvania state courts.